PLOTKIN, Judge,
voting to grant rehearing, with written reasons:
Because I believe on reconsideration that there is merit in defendant Blue Streak Marine Inc.’s argument concerning its right to the return of its capital contributions, as well as the argument concerning its right to 45 percent of the value of the joint venture at the time of its voluntary withdrawal, I vote to grant rehearing in this case.
La.C.C. art. 2803 provides that “in the absence of contrary agreement, contributions to capital are restored to each partner according to the contribution made.” That article gives partners an absolute right to return of their capital contributions, unless that right is limited by the partnership agreement.
The partnership agreement in the instant case provides specifically that “[cjapital contributions shall be returned prior to distribution of any profits.” That provision does not limit the right to return of capital contributions; it simply establishes a priority for distribution of funds. The original opinion misinterprets that provision, saying that “no positive duty exists to ever return the capital contributions unless profits are distributed.” The positive duty to return capital contributions is based on the codal article quoted above, not on the partnership agreement. Thus, I would vote to award Blue Streak the return of its capital contribution.
Concerning the value of the joint venture agreement at the time of withdrawal, La. C.C. art. 2823 specifically provides as follows:
The former partner, his successor, or the seizing creditor is entitled to an amount equal to the value that the share of the former partner had at the time membership ceased.
Despite the above codal provision, the original opinion disallows reimbursement of the value of Blue Streak’s percentage of the joint venture at the time of its voluntary withdrawal on the basis of the following provision in the joint partnership agreement: “[YJoluntary withdrawal of a joint venturer shall waive any right, claim or interest in any undistributed or future profits and/or losses of the joint venture.” (Emphasis added.) However, the value of the defendant’s share of the joint venture is not “undistributed or future profits and/or losses of the joint venture,” as indicated in our original opinion; it is a completely separate item. Nothing in the partnership agreement addresses the defendant’s right to receive an amount equal to the value of its share of the joint venture agreement at the time of withdrawal.
*417 Since the civil code expressly establishes Blue Streak’s right to return of its capital contribution, as well as its right to the value of its share of the joint venture at the time of withdrawal, and nothing in the joint venture agreement prohibits it, Blue Streak should be awarded those items. Thus, the original opinion was incorrect on these two issues.
For the above and foregoing reasons, I would grant rehearing to correct the decision on these issues and to award Blue Streak the return of its capital contribution and 45 percent of the value of the joint venture at the time of withdrawal.